Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3923 | **DATE** | 12/6/2004 |
| **CASE TITLE** | Gerald Sowell vs. Burlington Northern & Santa Fe Railway Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the attached Memorandum Opinion and Order, Defendant's Motion to Strike Plaintiff's Expert Disclosures of Drs. Martin Hall, David Smith, and Drs. Carlito Orig, F. Mansour, and Grey Hawley of the Clearing Clinic [32-1] is granted. Enter Memorandum Opinion and Order. /s/ Geraldine Soat Brown

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 07 2004 date docketed | 37 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 12/6/2004 date mailed notice | |
| GR courtroom deputy's initials | Date/time received in central Clerk's Office | GR mailing deputy initials | |

GERALD SOWELL )
    Plaintiff, ) No. 03 C 3923
)
v. ) Magistrate Judge Geraldine Soat Brown
)
BURLINGTON NORTHERN AND )
SANTA FE RAILWAY CO. )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Strike Plaintiff's Expert Disclosures of Drs. Martin Hall, David Smith, and Drs. Carlito Orig, F. Mansour, and Grey Hawley of the Clearing Clinic ("Defendant's Motion"). [Dkt 32.] For the reasons set forth below, Defendant's Motion is granted, and certain parts of those disclosures are stricken.

## BACKGROUND

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose, at a time set by the court or in the alternative by the rule, the identity of any person who may be used at trial to present testimony under Rules 702, 703 or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A), (C). Subsection (a)(2)(B) of Rule 26 imposes an additional requirement relating to any witness who is retained or specially employed to present expert testimony; such a witness must

1

37

provide a written report setting forth, *inter alia*, the opinions to be offered and the basis therefor. Fed. R. Civ. P. 26(a)(2)(B).[1]

This court maintains a Standing Order regarding the disclosure of testimony by treating physicians, which provides in relevant part:

> Treating physician must be identified pursuant to Rule 26(a)(2)(A) but the report requirement of Rule 26(a)(2)(B) shall not apply to the extent that the testimony of such treating physician is limited to: (a) a description of the symptoms presented to the physician; (b) description of records or other information relied on to provide treatment; (c) any diagnosis made for purpose of treatment, and (d) a description of any treatment prescribed or provided. <u>Testimony by a treating physician as to causation or prognosis or future impact of the condition or injury is subject to the report requirement of Rule 26(a)(2)(B).</u>

Standing Order as to Expert Disclosure and Discovery, http://www.ilnd.uscourts.gov/JUDGE/BROWN/Expert.htm (last updated Dec. 2003).

On May 26, 2004, plaintiff Gerald Sowell was ordered to serve his Rule 26(a)(2) disclosures, including Rule 26(a)(2)(B) reports, no later than August 13, 2004. [Dkt 29.] On that same day, Sowell's counsel stated in open court that he intended to call Dr. Dennis Gates as a Rule 26(a)(2)(B)

---

[1] Specifically, Rule 26(a)(2)(B) provides:

Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

2

witness. (Def.'s Mot. Ex. B, Tr. May 26, 2004 at 24.) Sowell's counsel further stated that Dr. Martin R. Hall and Dr. David Smith would be disclosed "just as treaters explaining what [they] did." (*Id.*) At that time, the court cautioned that a disclosure must be served with respect to a treating physician, and that Sowell must serve a Rule 26(a)(2)(B) report if the physician would render any opinion outside of what the medical records revealed and his treatment of Sowell. (*Id.* at 10, 13.) The court also cautioned Sowell about the Standing Order that a treating physician cannot testify about causation without serving a Rule 26(a)(2)(B) report. (*Id.* at 13.)

Sowell subsequently served his Rule 26 Disclosures on Defendant's counsel. (Def.'s Mot. Ex. A, Pl.'s Rule 26 Disclosures.) Sowell listed Drs. Martin R. Hall, Carlito Orig, F. Mansour, Greg Hawley, and David Smith as "Rule 26(a)(2)(A) non-retained opinion witnesses," and listed Dr. Dennis Gates as a "Rule 26(a)(2)(B) Retained Opinion Witness[]." (*Id.* at 1-3.) In the disclosure, Sowell stated that Dr. Hall is expected to testify consistent with his medical records and offer the *opinion that the damage to Sowell's knee was caused by a work injury on June 24, 2001.* (*Id.* at 1.) Sowell disclosed that Drs. Orig, Mansour, and Hawley are expected to testify that Sowell sustained an injury to his knee *caused by a work accident on June 24, 2001.* (*Id.* at 2.) Sowell also disclosed that Dr. Smith is expected to testify that the care and treatment he rendered to Sowell was for an injury that occurred on June 24, 2001 while working at the railroad and *that the June 24, 2001 accident was a cause of Sowell's injury and permanent disability.* (*Id.*) Sowell did not provide a report pursuant to Rule 26(a)(2)(B) for Drs. Hall, Orig, Mansour, Hawley or Smith.

Defendant subsequently filed the present motion, arguing that Sowell's disclosure that Drs. Hall, Smith, Orig, Mansour, and Hawley will offer opinions regarding a causal connection between Sowell's condition and the incident at issue triggers the requirement of a report pursuant to Rule

3

26(a)(2)(B). (Def.'s Mot. at 1.) While acknowledging that those doctors should be able to testify as to the nature and extent of Sowell's injury that they observed and the treatment they rendered even without a report, Defendant seeks an order striking Sowell's disclosure of Drs. Hall, Smith, Orig, Mansour, and Hawley insofar as they would testify to causation, prognosis, degree of permanency, and whether Sowell is disabled from returning to his former work. (*Id.* at 1, 2.) In response, Sowell does not dispute that he was informed of the Standing Order and does not deny that his disclosures do not conform with that Order. Instead, Sowell takes issue with the Order, urging this court to "disavow" what he calls the "minority view" that a treating physician may not opine on causation, prognosis, and the future impact of the injury without a Rule 26 report, and arguing that this court's Standing Order as to expert disclosures and discovery does not comport with Rule 83 of the Federal Rules of Civil Procedure. (Pl.'s Resp. at 3, 5-7.) [Dkt 34.]

After carefully considering the parties' arguments, the court rejects Sowell's invitation to "disavow" its Standing Order.

## ANALYSIS

The purpose of Rule 26(a)(2) disclosures has been described by the Seventh Circuit:

> The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.

*Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004), the Seventh Circuit eliminated any doubt as to whether testimony by a treating physician is subject to disclosure pursuant to Rule 26(a)(2). The Seventh Circuit affirmed summary judgment for a defendant following the

district court's decision to exclude expert testimony by the plaintiff's treating physician because the plaintiff's counsel failed to serve a Rule 26(a)(2) disclosure regarding that physician. *Id.* at 754, 757. In a footnote, the Seventh Circuit distinguished a previous decision, *Richardson v. Consolidated Rail Corp.*, 17 F.3d 213 (7th Cir. 1994), as based on an earlier version of Rule 26. *Id.* at 756 n. 2.

However, as Sowell points out, the court declined to "reach the disputed issue of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)." *Id.* at 758 n. 3. The Seventh Circuit observed that "[i]t is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary." *Id.* However, the court concluded that it was not necessary to reach that issue in the *Musser* case. *Id.*

As the Seventh Circuit observed in *Musser*, there is a difference of opinion among the district courts as to whether a treating physician must provide a Rule 26(a)(2)(B) report when the physician's anticipated testimony goes beyond his or her observations, diagnosis or treatment and is expected to include opinions on issues such as causation, prognosis and permanency. Some courts, including this court, have held that those issues go beyond the scope of the testimony a treating physician may render without providing a Rule 26(a)(2)(B) report. *See, e.g., Zarecki v. National R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (striking treating physician's affidavit with opinions on causation and foreseeability where physician was not disclosed pursuant to Rule 26(a)(2) and failed to serve report); *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1039 (N.D. Ill. 2000) (testimony of treating physician who did not prepare a Rule 26(a)(2)(B) report limited to

5

observations made during the course of treating the plaintiff and to matters within his personal knowledge); *Murray v. Chicago Transit Auth.*, No. 97 C 7923, 1999 WL 49355 at *1 (N.D. Ill. Jan. 29, 1999) (Levin, M.J.) (testimony of a treating physician as to causation requires a Rule 26(a)(2)(B) expert report); *Schoolman v. UARCO, Inc.*, No. 94 C 5598, 1999 WL 47124 at *3 (N.D. Ill. Jan. 20, 1999) (Coar, J.) (testimony of treating physician who did not submit an expert report limited to the physical condition of the plaintiff as observed by the physician). *See also Hoover v. U.S.*, No. 01 C 2372, 2002 WL 1949734 at *6-7 (N.D. Ill. Aug. 22, 2002) (Schenkier, M.J.) (stating, in *dicta*, that the report requirement does not apply to a physician testifying solely as a treater, but when physician is asked to give an opinion beyond treatment relationship, physician may be required to submit an expert report); *Garza v. Abbott Labs.*, No. 95 C 3560, 1996 WL 494266 at *1 (N.D. Ill. Aug. 27, 1996) (Castillo, J.) (treating physician does not need to submit a report if testimony is within his personal knowledge).

On the other hand, some courts have allowed treating physicians to testify about causation and other opinions formulated during the course of treatment without a Rule 26(a)(2)(B) report. *See, e.g.*, *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557, 557 n. 3 (S.D. Ind. 2003) (permitting treating physician's opinions regarding causation and prognosis developed during the ordinary course of an examination, but stating that "[t]he safest . . . approach for counsel seeking to elicit trial testimony from a treating physician that strays from the core of that treatment is to produce an expert report"); *Denson v. Northeast Ill. Regl. Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 1732984 at *1 (N.D. Ill. March 31, 2003) (Hart, J.) (treating physicians not retained or specially employed to testify are exempt from the Rule 26(a)(2)(B) report requirement); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002) (treating physicians may offer opinion testimony on causation,

6

diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report); *Zurba v. U.S.*, 202 F.R.D. 590, 592 (N.D. Ill. 2001) (stating that "it is only when the treating physician gives opinions beyond the scope of his own observation and treatment that he is considered a 'retained' expert for purposes of Rule 26(a)(2)," and disagreeing that an opinion on causation is necessarily outside the scope of treatment); *Sircher v. City of Chicago*, No. 97 C 6694, 1999 WL 569568 at *1-2 (N.D. Ill. July 28, 1999) (Shadur, J.) (denying the defendant's motion to bar treating physician from testifying about causation where physician failed to submit a Rule 26(a)(2)(B) report, because the witness' testimony "will come from his knowledge acquired as a treating physician"); *see also Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 520926 at *4 (N.D. Ill. April 24, 2000) (Conlon, J.) (quoting *Richardson*, 17 F.3d at 218, that "[a] doctor is not an 'expert' if his or her testimony is 'based on . . . observations during the course of treating'").

This court concludes that the requirement of a report for opinions on causation, permanency and prognosis is the better approach.

As a threshold matter, decisions like *Figueroa*, stating that a treating physician is not required to render a report because the treating physician is not rendering "expert" testimony, are questionable in light of the current versions of Federal Rules of Evidence 701 and 702. Rule 701 was amended, effective December 1, 2000, to emphasize that lay opinion testimony is limited to those observations of a lay witness that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; Advisory Committee Notes, 2000 Amendments to Rule 701. As discussed above, the Seventh Circuit in *Musser* expressly disclaimed the suggestion in *Richardson* that treating physicians are not experts and not subject to disclosure under Rule 26(a)(2). 356 F.3d at 756 n. 2. Thus, it is now clear that any testimony by a physician based on his or her

7

medical training, even if that testimony is about treatment of the plaintiff, is Rule 702 testimony and is subject to Rule 26(a)(2) disclosure.

A number of cases do not require a report on the ground that the physician is testifying based on his personal knowledge and observation. *See, e.g., Sircher,* 1999 WL 569568 at \*2. However, unless the physician was present at the time the injury occurred, it is difficult to see how his or her opinion as to the cause of the injury can be based on personal knowledge.

Some decisions that do not require a report regarding proposed testimony about causation conclude that "[i]t is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination." *Martin*, 215 F.R.D. at 557. *See also Zurba*, 202 F.R.D. at 592. In the view of this court, that conclusion fails to consider the difference between an entry on a medical record as to the reported cause of an injury (often based on the plaintiff's self-reporting) and testimony about causation for the purpose of allocating legal liability for an injury. The plaintiff came to the treating physician for treatment. Any notes or conclusions made during treatment regarding causation are incidental to that treatment. In contrast, in a lawsuit, the issue of causation is often a major, if not *the* major, contested issue in the case, and one on which the plaintiff has the burden of proof. Presumably, the reason why the plaintiff seeks testimony from the treating physician on causation is because causation will be disputed. Requiring a treating physician to provide a report meeting the requirements of Rule 26(a)(2)(B) to explicate the reasons and bases for any opinion as to causation, as well as the physician's qualifications to render that opinion, is consistent with the importance of the issue of causation in determining liability.

The *Zarecki* case illustrates the problem. In that case, the plaintiff was a sales agent for Amtrak who claimed that her carpel tunnel syndrome was the result of her being required to perform her job under improper work methods and with unsafe equipment. 914 F. Supp at 1569. To carry her burden of responding to the defendant's motion for summary judgment, the plaintiff relied on an affidavit of her treating physician stating that plaintiff's carpel tunnel syndrome was "caused by her work duties" and foreseeable from the nature of her work duties. *Id.* at 1570. In striking the affidavit and granting summary judgment for the defendant, the court observed:

> Plainly, Dr. Farrell's opinions as to ultimate causation and foreseeability are not derived solely from his treatment of Zarecki or his personal observations–there is, for instance no suggestion in the record that he ever actually investigated the specific nature of Zarecki's work conditions; instead, he is purporting to speak as an expert on these issues based on some unspecified body of professional knowledge.

*Id.* at 1573.

Likewise, in the present case, Sowell intends to have one of his treating physicians, Dr. Smith, testify that "the accident of June 24, 2001 was a cause of injury and permanent disability to Plaintiff" and that "Sowell is limited to work similar to engineer work and should not return to work as a conductor." (Pl.'s Rule 26 Disclosures at 2.) That disclosure gives no clue as to how Dr. Smith learned of the accident, let alone why he concludes that the accident, as opposed to any other condition or event in Sowell's life, was the (or a) cause of injury and permanent disability. Likewise, the disclosure reveals nothing about how Dr. Smith knows what is required of a railroad engineer or conductor, or how Dr. Smith is qualified to come to the conclusion that Sowell cannot be a conductor but can perform work "similar to engineer work." Knowledge of the duties of a railroad engineer or conductor is not part of ordinary medical training.

One of the reasons why Rule 26(a)(2)(B) was amended to require a detailed report was dissatisfaction with "sketchy and vague" expert disclosures, like the ones served by Sowell:

> The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness.

Advisory Committee Notes, 1993 Amendments to Rule 26(a)(2). That comment describes Sowell's disclosures. For example, Sowell's disclosure with respect to Drs. Orig, Mansour, and Hawley consists of one sentence: "These doctors are expected to testify that Plaintiff sustained an injury to his knee caused by a work accident that occurred on June 24, 2001." (Pl.'s Rule 26 Disclosures at 2.)

Another purpose of the report requirement is to minimize the need for expert depositions, especially in light of the fact that, pursuant to Rule 26(b)(4)(C), the party taking the expert's deposition must usually pay a reasonable fee for the expert's time:

> Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.

Advisory Committee Notes, 1993 Amendments to Rule 26(a)(2). In this case Sowell has identified *five* treating physicians to testify as to causation. At the hearing on this motion, Defendant's counsel stated that if the testimony of Sowell's treating physicians is limited their personal observations and treatment of Sowell, a deposition will be unnecessary (presumably because that testimony can be cross-examined based on the treatment records). However, if those physicians are allowed to opine as to causation, Defendant will need to take their depositions. The present disclosures do not allow

10

Defendant's counsel sufficient information about the basis for the causation opinion to consider foregoing a deposition.

Sowell argues (without any affidavit or other evidentiary support) that requiring him to submit reports for his treating physicians will limit access to the federal courts to litigants who are able to afford medical expert witnesses because "treating physicians will not prepare Rule 26 reports and cannot, because treating physicians do not maintain the data required, especially deposition and trial testimony histories." (Pl.'s Resp. at 3-4.) Notably, Sowell has not presented any factual material to demonstrate that not a single one of his five treating physicians is able or willing to provide the information required by a Rule 26(a)(2)(B) report.

A federal judge has responsibility as a "gatekeep[er]" to prevent unfounded opinions from being presented to the trier of fact in the guise of "expert" testimony. *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579, 589, 589 n. 7, 597 (1993). The parties have the obligation to provide the court with the information that is needed to fulfill that role. The court must have serious reservations about allowing a witness who is unable or unwilling to provide the information required by Rule 26(a)(2)(B) to testify to opinions on issues as important as whether the plaintiff's injury was caused by the accident or whether the plaintiff will ever be able to return to work.

A number of courts do not require a Rule 26(a)(2)(B) report because a treating physician is not retained or specially employed to provide expert testimony in the case. *See, e.g., Denson,* 2003 WL 1732984 at *1; *Zurba,* 202 F.R.D. at 592; *Figueroa,* 2000 WL 520926 at *4; *Martin,* 215 F.R.D. at 557. As discussed above, the reason a plaintiff sees a treating professional is for diagnosis and treatment, and, under this court's Standing Order, when a treating physician's testimony is limited to the physician's observations, diagnosis and treatment of a party, no report is required. However,

when it is proposed that the physician render opinions at trial regarding issues such as causation and ability to perform occupational duties, that physician is, in fact, being retained for the purpose of providing expert testimony in the case.

Finally, Sowell's argument that this court's Standing Order regarding expert disclosure does not comport with Federal Rule of Civil Procedure 83, which governs the local rules adopted by the District Court, is without merit. Even assuming, *arguendo*, that Rule 26(a)(2)(B) does not generally require a report from a treating physician, the Advisory Committee Notes to the 1993 Amendments state: "By local rule, order, or written stipulation, the requirements of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702." Advisory Committee Notes, 1993 Amendments to Rule 26(a)(2).

Again assuming, *arguendo*, that Rule 83 were applicable here, Rule 83(a)(2) prohibits the enforcement of a local rule that causes a party to lose rights because of a nonwillful failure to comply with the requirement. Fed. R. Civ. P. 83(a)(2). Sowell's failure to comply cannot be said to be nonwillful. Sowell's counsel was cautioned both in open court and also through the Standing Order about the necessity to provide a Rule 26(a)(2)(B) report in order to have a treating physician testify regarding causation. Sowell simply chose not to comply.

In extraordinary circumstances, where requiring a report from a treating physician would work undue hardship, a party can move for relief from the report requirement to prevent an unjust result. Sowell did not so move, nor does his response to the present motion provide any factual or evidentiary basis to justify exempting him from the requirements of the Standing Order. Thus, Defendant's motion is granted.

This decision does not preclude Sowell's treating physicians from testifying. Each of Sowell's treating physicians may testify as to the nature and extent of the injury they observed and the treatment that was rendered for the injury. However, those witnesses may not testify as to the causation of the injury, prognosis, degree of permanency, or Sowell's ability to return to his former occupation because those opinions go beyond personal observations and treatment. Those opinions cross the line into testimony of a witness who is required to be disclosed and provide an expert report pursuant to Rule 26(a)(2)(B). Because Drs. Martin R. Hall, Carlito Orig, F. Mansour, Greg Hawley, and David Smith have not provided a report, they may not testify as to any such opinions.[2]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Sowell's Expert Disclosures of Drs. Martin Hall, David Smith, and Drs. Carlito Orig, F. Mansour, and Greg Hawley of the Clearing Clinic is granted as set out herein.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

December 6, 2004

---

[2] Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

13